Idsdey, J.
The appellee moves to dismiss the appeal in this case, because one of the defendants in the above-entitled suit, who is sued and condemned in solido as a commercial partner, is not made a party to tho appeal by citation or otherwise, nor is any appeal bond executed in his favor. We held in Saux v. Lefevre Co., 12 An. 757, that “ ail appeal from a judgment against the two members of a commercial firm in solido, taken by one of tho partners only, must be dismissed because the other partner against whom the judgment was rendered should have been made •a party to the appeal, he having an interest in maintaining the judgment to secure his recourse against the appellant for his portion of the debt.
The motion is resisted by the appellant, because it comes too late; but we have decided in Swearingen v. McDaniel, 12 Rob. 205; Succession of Perry, 4 An. 577; Robert v. Ride, 11 An. 410; Simmons v. His Creditors, 12 An. 755, and in 12 An. 771 and 801, that it is immaterial when the motion to dismiss an appeal for want of proper parties is filed, as, for that cause, it will be ex officio noticed by the Court.
It is therefore ordered, that the appeal be dismissed at tho costs of the appellant.